Larry Donnell GEORGE,
Plaintiff–Appellant,

v.

CITY OF LONG BEACH; Robert
Fowks; Harry Kartinen,
Defendants–Appellees.

Nos. 91–55082, 91–55382.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 4, 1992.

Decided July 31, 1992.

As Amended Sept. 17, 1992.

Ralph Rogari, Law Offices of Fred L. Wright, Torrance, Cal., for plaintiff-appellant.

Harold W. Potter, Deputy City Atty., Long Beach, Cal., for defendants-appellees.

Before BRUNETTI, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.

T.G. NELSON, Circuit Judge:

Larry George ("George") appeals an adverse judgment following a jury verdict of zero damages against the arresting officers and the City of Long Beach. George contends the district court's ruling that the officers' warrantless entry violated his Fourth Amendment rights entitles him to nominal damages. He also contends the district court improperly dismissed his state law claims as well as his section 1983 claims against the City of Long Beach.

We reverse the district court's dismissal of the state law claims, vacate the judgment, and remand for: (1) entry of judgment for George, (2) entry of an award of $1 in nominal damages on his section 1983 claim, and (3) trial on the state law false imprisonment claim.

## FACTS AND PROCEEDINGS BELOW

Appellant Larry George participated in at least three armed bank robberies, two of which occurred on the afternoon of the day of his arrest. He was convicted of all three robberies and his convictions were upheld by this court.[1] This civil rights action under 42 U.S.C. § 1983 resulted from the manner in which the arrest was effected. The facts surrounding George's arrest are set out in detail in *George I*. It is sufficient to say here that Long Beach police officers, assisted by a federal agent, had probable cause to believe that George was the robber and that he was in his apartment. *George I*, 883 F.2d at 1412. The city officers entered his apartment without a warrant, and without knocking. They saw George in his bedroom and told him to "hold it." When George moved, however, one of the officers, believing George to be holding a gun, fired a shotgun, striking George in the arm. The arm was ultimately amputated.

In *George I*, this court held that the warrantless arrest "was not excused by exigent circumstances and consequently was effected unlawfully." *Id.* at 1415. The district court here granted George's motion for partial summary judgment on that issue, and held that the officers were not entitled to qualified immunity as to the warrantless arrest.

The case went to trial on the issues of (1) whether the officers were excused from compliance with California's knock-notice statute (Cal.Penal Code § 844), (2) whether they used excessive force in arresting George, (3) whether the officers were liable for false arrest and false imprisonment, (4) whether the officer who fired the shot was liable for battery, (5) whether the officers

---

1. *United States v. George*, 883 F.2d 1407 (9th  Cir.1989) (*George I*).

acted wantonly, oppressively, or with malice, and (6) the amount of damages suffered by George as a result of the unlawful warrantless entry. The jury ruled against George on all issues and found no damages by reason of the warrantless entry.

George requested a jury instruction on nominal damages which was refused by the district court. At the conclusion of George's case, the district court dismissed the state law claims for false arrest and imprisonment, on the basis that in order for there to have been an unlawful arrest to support these claims, there must have been a lack of probable cause for the arrest. Since there was probable cause here, the court apparently reasoned that the officers were immune from liability. The district court had previously severed the *Monell* [2] claim against the City and dismissed that claim when the verdict was returned. The district court entered judgment against George on all of the claims that had been allowed to go to the jury.

## DISCUSSION

### I. NOMINAL DAMAGES

■ The district court instructed the jury that, if it found no actual damages flowing from the violation of George's rights, it could award nominal damages. George correctly points out that this instruction misstated the law. In this Circuit, nominal damages must be awarded if a plaintiff proves a violation of his constitutional rights. *Floyd v. Laws*, 929 F.2d 1390, 1401 (9th Cir.1991); *Romberg v. Nichols*, 970 F.2d 512, 521 (9th Cir.1992) (per curiam).

■ The appellees ("City") attempt to distinguish *Floyd*, arguing that the violation of rights in *Floyd* was the proximate cause of the plaintiff's harm, whereas here the concededly illegal warrantless entry did not cause George any harm. We find this attempted distinction nonsensical. *Floyd* clearly held that nominal damages must be awarded "as a symbolic vindication of [the plaintiff's] constitutional right" whether or not the constitutional violation causes any actual damage. *Floyd*, 929 F.2d at 1403. In light of the court's finding that the officer's warrantless entry of George's house violated the Fourth Amendment, George was entitled to judgment and $1 in nominal damages on his section 1983 claim. We therefore vacate the judgment in favor of the defendants on this claim, and remand for entry of judgment and an award of nominal damages for George.

■ George argues that the incorrect nominal damages instruction led the jury improperly to deny him compensatory damages. Jury instructions are reviewed for an abuse of discretion to determine if they are misleading or inadequate. *United States v. Beltran–Rios*, 878 F.2d 1208, 1214 (9th Cir.1989). We are not persuaded that the instructions were misleading or inadequate. The jury was adequately instructed [3] on the elements of George's claims, and found that his injuries were not caused by the illegal entry. That conclusion would not have been altered by knowledge that George was entitled to a $1 award whether or not the constitutional violation caused him any harm.

### II. THE JURY FINDING OF NO ACTUAL DAMAGE

■ George contends that the jury's finding of no actual damages was based on insufficient evidence and was also the result of passion and jury prejudice because George's past criminal behavior was brought before the jury by counsel for the City. Although we hold George is entitled to nominal damages, we will not disturb the jury's finding of no actual damages.

---

**2.** A municipality is liable for damages under 42 U.S.C. § 1983 when "action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. Department of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978).

**3.** The court instructed the jury as to George's burden of proof and stated that the defendants' entry into George's home was unreasonable under the United States Constitution and no exigent circumstances existed.

## A. *Insufficient Evidence.*

George argues that the jury's finding of no actual damages is not supported by the evidence. The standard of review for a jury verdict in a civil case is whether it is supported by substantial evidence. *Landes Const. Co., Inc. v. Royal Bank of Canada,* 833 F.2d 1365, 1370–71 (9th Cir.1987). "Substantial evidence is such relevant evidence as reasonable minds might accept as adequate to support a conclusion even if it is possible to draw two inconsistent conclusions from the evidence." *Id.* at 1371. Neither the district court nor the appellate court may weigh the evidence or assess the credibility of witnesses in determining whether substantial evidence exists. *Id.; Transgo, Inc. v. Ajac Transmission Parts Corp.,* 768 F.2d 1001, 1024 (9th Cir.1985), *cert. denied,* 474 U.S. 1059, 106 S.Ct. 802, 88 L.Ed.2d 778 (1986). Questions of proximate causation are issues of fact which are properly left to the jury if reasonable persons could reach different conclusions. *White v. Roper,* 901 F.2d 1501, 1506 (9th Cir.1990).

In the final argument, the defense attorney asked the jury to review the evidence and find no damages because the injury inflicted upon George was due to his own actions inside the house. George's attorney asked the jury to award damages based on the warrantless entry (already established as a matter of law), and argued that as a result of that entry, George was injured. Although there was evidence to support a conclusion that George would be entitled to damages, there was also evidence in the record to support the jury's verdict of no damages. This court cannot reweigh the evidence, and must affirm a decision based upon substantial evidence.

The jury considered the evidence and arguments of the parties regarding George's right to damages. The record contains substantial evidence which supports the finding that George's actions inside the apartment were the cause of his injury. The jury's finding will thus be upheld.

## B. *Passion and Prejudice.*

George, while admitting that the City did not overstep permissible bounds in its argument to the jury and claiming no evidentiary error, asserts that the jury's verdict was based upon the jury's passion and prejudice because of George's past criminal behavior. George does not demonstrate how the record supports his claim. The facts involving George's criminal activity that preceded the unlawful arrest and his injuries were relevant and cannot be presumed to have created an atmosphere of passion and prejudice against George. We have held that there was substantial evidence in the record to support the jury verdict of no actual damages, thereby answering this argument.

## III. *MONELL* CLAIM

■ After the verdict, the district court found that because the plaintiff sustained no actual damages as a result of the unconstitutional warrantless entry, logically there could be no damages flowing from the City's alleged failure to adequately train its officers. The district court therefore dismissed George's *Monell* claim.

Any damages resulting from a possible *Monell* claim would result from the same constitutional violation of the warrantless arrest which resulted in nominal damages. Even if George were to prove the City failed to adequately train the police officers, the result would simply be another theory of action concerning the conduct the jury has already determined was not the proximate cause of George's injuries. George's recovery, if any, based upon a *Monell* claim would be limited to nominal damages. We therefore hold that any error by the district court in dismissing the *Monell* claim was harmless.

## IV. STATE LAW CLAIMS

The district court should have presented the state law claims of false arrest and false imprisonment to the jury. The magistrate judge considered California Penal Code §§ 847 and 836[4] in granting the di-

---

**4.** California Penal Code section 836(3) states

that a peace officer may make an arrest without

rected verdict. He found that those sections relieved the peace officers of liability so long as probable cause for the arrest had been established. The judge held that the false arrest must stem from a lack of reasonable and probable cause for the arrest. Since probable cause existed here, the judge concluded there was no false arrest.

The standard for reviewing the district court's grant of a directed verdict is the same as the review of a grant of judgment notwithstanding the verdict. *Peterson v. Kennedy*, 771 F.2d 1244, 1256 (9th Cir. 1985), *cert. denied*, 475 U.S. 1122, 106 S.Ct. 1642, 90 L.Ed.2d 187 (1986); *see The Jeanery, Inc. v. James Jeans, Inc.*, 849 F.2d 1148, 1151 (9th Cir.1988). This court's role is the same as the district court's. *Jeanery*, 849 F.2d at 1151. We therefore review the evidence, considering it in the light most favorable to the non-moving party, to determine if there is substantial evidence to support a verdict for the non-moving party. If so, we must reverse. *Peterson*, 771 F.2d at 1256.

In California, false arrest and false imprisonment are not separate torts. "False arrest is but one way of committing a false imprisonment." *Collins v. San Francisco*, 50 Cal.App.3d 671, 123 Cal.Rptr. 525, 526 (1975). False imprisonment is "the nonconsensual, intentional confinement of a person, without lawful privilege, for an appreciable length of time, however short." *Molko v. Holy Spirit Ass'n for Unification of World Christianity*, 46 Cal.3d 1092, 252 Cal.Rptr. 122, 139, 762 P.2d 46, 63 (1988), *cert. denied*, 490 U.S. 1084, 109 S.Ct. 2110, 104 L.Ed.2d 670 (1989), quoting *City of Newport Beach v. Sasse*, 9 Cal. App.3d 803, 88 Cal.Rptr. 476, 480 (1970). ▆ Penal Code § 847(a) protects police officers from civil liability for false arrest or imprisonment arising out of an arrest if the arrest is lawful or the officer had reasonable cause to believe it was lawful. The existence of probable cause is necessary but not by itself sufficient to establish an arrest's lawfulness. Even if probable cause is established, a warrantless arrest in the suspect's home is unlawful under both federal and state law in the absence of exigent circumstances. *George I*, 883 F.2d at 1415; *People v. Ramey*, 16 Cal.3d 263, 127 Cal.Rptr. 629, 636–37, 545 P.2d 1333, 1340–41, *cert. denied*, 429 U.S. 929, 97 S.Ct. 335, 50 L.Ed.2d 299 (1976). This court has already held that exigent circumstances were lacking and consequently the arrest was unlawful. *George I*, 883 F.2d at 1415. The district court held that no reasonable officer could have thought the warrantless entry to arrest George was lawful, and the City has not challenged that decision. As a matter of law, therefore, the immunity of section 847 was unavailable to the defendants and it was error to grant their motion for directed verdict.

The jury's findings that George suffered no damages "as a proximate result of [defendants'] warrantless entry into his home," and that the defendants did not use excessive force or commit a battery in making the arrest do not necessarily foreclose an award of damages for George's loss of liberty during or after his arrest. We therefore reverse the dismissal of the state law claims and remand for further proceedings.

George requested attorney fees in connection with this appeal. George, as the prevailing party on significant issues on this appeal, is entitled to attorney fees for this appeal. *See Texas State Teachers Ass'n v. Garland Independent School Dist.*, 489 U.S. 782, 791, 109 S.Ct. 1486, 1492–93, 103 L.Ed.2d 866 (1989); *Romberg*, 970 F.2d at 519. The district court shall set the amount of attorney fees on remand.

a warrant when he or she has reasonable cause to believe that the person to be arrested has committed a felony.

California Penal Code section 847 provides in relevant part:

There shall be no civil liability on the part of and no cause of action shall arise against any peace officer, acting within the scope of his authority, for false arrest or false imprisonment arising out of any arrest when ... [s]uch arrest was lawful or when such peace officer at the time of such arrest had reasonable cause to believe such arrest was lawful.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.