116 F.3d 485
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard RODRIGUEZ; Jane Rodriguez; Ibrahin Rodriguez and
Mable Rodriguez husband and wife, Plaintiffs-Appellees,
v.
AMERICAN CYANAMID COMPANY, INC., a foreign corporation,
Defendant-Appellant.
 No. 96-15752.
 United States Court of Appeals,
Ninth Circuit.
 Argued and submitted April 18, 1997.
Decided June 5, 1997.
 
 1
 Appeal from the United States District Court for the District of Arizona, No. CV-91-2023-RGS; Roger G. Strand, District Judge, Presiding.
 
 
 2
 Before: Noonan and Trott, Circuit Judges, and Moskowitz,* District Judge.
 
 
 3
 MEMORANDUM**
 
 
 4
 Defendant American Cyanamid Company, Inc., ("Cyanamid") appeals from a jury verdict in a products liability action awarding plaintiffs compensatory and punitive damages. The defendant contends that the jury's verdict finding Cyanamid liable for eighty-five percent of the plaintiffs' $150,000 compensatory damages was not supported by substantial evidence, that the plaintiffs' punitive damages evidence at trial was insufficient as a matter of law, and that the district court erroneously admitted into evidence one photograph and several pages of deposition testimony. We affirm the award of compensatory damages and reverse the award of punitive damages.
 
 I. Timeliness of the appeal
 
 5
 Cyanamid's successive postjudgment motions in the district court effectively tolled the the time to appeal the original judgment. Fed. R.App. P. 4(a)(4). We therefore conclude that Cyanamid timely filed its notice of appeal.
 
 II. Underlying liability
 
 6
 We review for an abuse of discretion a district court's denial of a motion for new trial. See Sheet Metal Workers' Int'l Ass'n Local Union No. 359 v. Madison Indus., Inc., of Ariz., 84 F.3d 1186, 1192 (9th Cir.1996). A district judge should grant a motion for new trial only if the jury verdict is not supported by substantial evidence. See Murray v. Laborers Union Local No. 324, 55 F.3d 1445, 1452 (9th Cir.1995), cert. denied, 116 S.Ct. 1847 (1996). The credibility of witnesses and the weight of the evidence are issues for the jury and are generally not subject to this court's review. See Murray, 55 F.3d at 1542.
 
 
 7
 At trial, Cyanamid presented the affirmative defenses of state of the art and misuse. Ariz. Rev. Star. § 12-683. Citing Jimenez v. Sears, Roebuck and Co., 904 P.2d 861, 867 (Ariz.1995), Cyanamid successfully advocated for a comparative defense jury instruction in the district court. Cyanamid argues on appeal that, in light of these comparative defenses, the jury's verdict regarding the defendant's underlying liability was not supported by substantial evidence. The record indicates otherwise.
 
 
 8
 First, we find that the plaintiffs presented ample evidence at trial to sustain the conclusion that Cyanamid's product, the Combat Room Fogger (the "Fogger"), was not state of the art in 1990. The plaintiffs' expert, Wilbur Boyer, testified that the Speer dimethyl ether formula was a feasible alternative that would not have caused the plaintiffs' fire. While the defendant's expert disputed this conclusion, the jury apparently found Boyer's testimony more credible.
 
 
 9
 Defendants also contend that the evidence regarding Cyanamid's misuse defense requires a new trial. Even if the plaintiffs misused the product, the jury was entitled to assign greater fault to the Fogger's design defects. The plaintiffs presented significant evidence of those defects, including expert testimony about the product's flammability, the existence of safer alternatives, and the possibility that an accident would have occurred even if the plaintiffs had extinguished their pilot lights.
 
 
 10
 Arizona courts have permitted comparative liability in these cases specifically to allow the jury "to determine whether the plaintiff's misuse contributed to the plaintiff's injuries and, if so, to compare the plaintiff's share of misuse-causation with the causal contribution of the product's defect." Jimenez, 904 P.2d at 865. The district court justifiably left undisturbed the jury's apportionment of causation and fault. We have recognized that "[q]uestions of proximate causation are issues of fact which are properly left to the jury if reasonable persons could reach different conclusions." George v. City of Long Beach, 973 F.2d 706, 709 (9th Cir.1992) (citing White v. Roper, 901 F.2d 1501, 1506 (9th Cir.1990)).
 
 III. Punitive damages
 
 11
 Cyanamid argues that the plaintiffs failed to meet the minimum legal standard necessary for an award of punitive damages and that the district court erred in denying its motion for judgment as a matter of law. We agree.
 
 
 12
 We review de novo a district court's denial of judgment as a matter of law. Acosta v. City & County of San Francisco, 83 F.3d 1143, 1145 (9th Cir.), cert. denied, 117 S.Ct. 514 (1996). Judgment as a matter of law is proper if the evidence, construed in the light most favorable to the non-moving party, permits only one reasonable conclusion and that conclusion is contrary to that reached by the jury. Id.
 
 
 13
 To succeed on a punitive damages claim in Arizona, a plaintiff must prove by clear and convincing evidence that the defendant acted with the requisite "evil mind." Thompson v. Better-Bilt Aluminum Prod. Co., Inc., 832 P.2d 203, 210 (Ariz.1992). A defendant acts with an evil mind when it intends to injure the plaintiff or when it consciously pursues a course of conduct "knowing that it created a substantial risk of significant harm to others." Rawlings v. Apodaca, 726 P.2d 565, 578 (Ariz.1986).
 
 
 14
 We find that the plaintiffs' trial evidence fell short of this standard. According to the district court, the jury's award of punitive damages was justified by a number of factors, including Cyanamid's knowledge of numerous prior Fogger accidents and its refusal to take the product off the market, the Fogger's allegedly insufficient and misleading warning label, and the fact that Cyanamid concealed reports of previous Fogger incidents from United Industries, the product's manufacturer, and Clorox, the purchaser of Cyanamid's Fogger distribution group.
 
 
 15
 While Cyanamid's continued marketing of the Fogger in the face of the prior incident reports properly factors into the jury's "evil mind" determination, see Gurule v. Illinois Mut. Life and Cas. Co., 734 P.2d 85, 87 (Ariz.1987), the accidents account for only 0.0016% of Cyanamid's total sales during the relevant period. Even if there had been more accidents, however, Arizona does not permit punitive damages awards based solely on a defendant's refusal to discontinue sales. See Volz v. Coleman Co., Inc., 748 P.2d 1191, 1193 (Ariz.1987); Piper v. Bear Med. Sys., Inc., 883 P.2d 407, 417 (Ariz.Ct.App.1994).
 
 
 16
 In Taylor AG Industries v. Pure-Gro, 54 F.3d 555 (9th Cir.1995), we recently held that the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"), 7 U.S.C. § 136v(b), preempts all state law claims based on the adequacy of a pesticide's labeling. Id. at 561-62. The plaintiffs' evidence of the Fogger's allegedly deficient and misleading warning label (and Cyanamid's alleged misrepresentations to the FDA about the label), therefore, may not weigh into the punitive damages inquiry.
 
 
 17
 The only additional evidence of Cyanamid's evil mind was its failure to inform Clorox and United Industries of the eight prior Fogger accidents. Even if this evidence were undisputed, it would not provide the sort of clear and convincing proof necessary to sustain a punitive damages award under Arizona law. See Volz, 748 P.2d at 1194 (noting that punitive damages cannot be based solely on evidence of "gross negligence or mere reckless disregard of the circumstances").
 
 
 18
 Accordingly, we hold that Cyanamid was entitled to judgment as a matter of law on the punitive damages issue.
 
 IV. Evidentiary objections
 
 19
 Cyanamid contends that the district court erred in admitting a photograph of a flame extension test performed by Wilbur Boyer and several pages from the deposition of E. Patrick McGuire. We review a district court's evidentiary rulings for an abuse of discretion. Masson v. New Yorker Magazine. Inc., 85 F.3d 1394, 1399 (9th Cir.1996). An erroneous evidentiary ruling will warrant a new trial only if it " 'substantially prejudiced' a party." Ruvulcaba v. City of Los Angeles, 64 F.3d 1323, 1328 (9th Cir.1995) (quoting United States v. 99.66 Acres of Land, 970 F.2d 651, 658 (9th Cir.1992)), cert. denied, 116 S.Ct. 1841 (1996).
 
 
 20
 We hold that the district court did not abuse its discretion in admitting the photo. While the admission of McGuire's deposition was error because it was relevant only to plaintiffs' preempted failure-to-warn claim, we hold that the error did not result in substantial prejudice to Cyanamid in light of the significant evidence supporting the plaintiffs' underlying claim and the district court's limiting instruction at the close of trial. See, e.g., Heyne v. Caruso, 69 F.3d 1475, 1481 (9th Cir.1995).
 
 
 21
 For the reasons stated above, the award of compensatory damages is AFFIRMED and the award of punitive damages is REVERSED. The judgment is VACATED and the matter REMANDED to the the district court for the entry of judgment consistent with this memorandum disposition.
 
 
 
 *
 The Honorable Barry T. Moskowitz, District Judge for the Southern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3