Gerald R. BROOKINS,
Plaintiff–Appellee,

v.

Gary RAFFERETY; Robert Shaw,
Defendants–Appellants.

No. 02–15537.

D.C. No. CV–00–00552–VRW.

United States Court of Appeals,
Ninth Circuit.

Submitted March 10, 2003.*

Decided March 21, 2003.

Before CANBY, O'SCANNLAIN, and
T.G. NELSON, Circuit Judges.

MEMORANDUM **

Gerald R. Brookins appeals pro se the district court's summary judgment in favor of highway patrol officers in Brookins' 42 U.S.C. § 1983 action arising from his detention and arrest for driving with tinted windows. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the grant of summary judgment. *Mitchell v. Los Angeles Cmty. College Dist.*, 861 F.2d 198, 201 (9th Cir.1988). We affirm.

Because Officer Shaw had probable cause to believe that Brookins' window tint

was unlawful, the district court properly granted summary judgment on his claims that the stop, arrest, and search violated the Fourth Amendment, and on his claims for false arrest and false imprisonment under state law. *See Atwater v. City of Lago Vista,* 532 U.S. 318, 354, 121 S.Ct. 1536, 149 L.Ed.2d 549 (2001) (upholding custodial arrest for traffic violations); *George v. City of Long Beach,* 973 F.2d 706, 710 (9th Cir.1992).

The district court properly granted summary judgment on his excessive force claims because Brookins refused to cooperate with the officers, did not complain about the handcuffs for 45 to 50 minutes, and suffered only de minimus injury. *See White by White v. Pierce County,* 797 F.2d 812, 816 (9th Cir.1986) (finding reasonable the use of force where the plaintiff was resisting the officers and the extent of the injury inflicted was slight). Furthermore, summary judgment was proper on Brookins' related state law intentional infliction of emotional distress claim because there was no evidence of intent or reckless disregard. *See Miller v. National Broadcasting Co.,* 187 Cal.App.3d 1463, 1487, 232 Cal.Rptr. 668 (1986).

The district court also properly granted summary judgment on Brookins' Equal Protection claim because Brookins produced no evidence that similarly situated individuals of another race were not stopped for possible traffic violations. *See United States v. Armstrong,* 517 U.S. 456, 465, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996). Finally, summary judgment was proper on Brookins' tort claim of reckless endangerment because there is no tort

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

claim of reckless endangerment under California law and Brookins failed to allege facts entitling him to some form of relief. *See Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir.1988).

Brookins' remaining contentions lack merit.

**AFFIRMED.**

---

*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.*