**Patrick WALLACE; Nancy Wallace, dba/Wallace Well Drilling, Plaintiffs—Appellees,**

v.

**GEORGE E. FAILING COMPANY, dba/GEFCO, Defendant—Appellant.**

No. 02–35513.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 2003.

Decided Nov. 20, 2003.

W. Eugene Hallman, Esq., Robert T. Mautz, Esq., Mautz, Baum and O'Hanlon, LLP, Pendleton, OR, for Plaintiffs–Appellees.

Paul T. Fortino, Esq., Jeffrey C. Dobbins, Esq., Perkins Coie, LLP, Portland, OR, for Defendant–Appellant.

Before: ALARCON, FERGUSON, and RAWLINSON, Circuit Judges.

MEMORANDUM *

The district court acted within its discretion in denying appellant George E. Failing Company's ("GEFCO") motion for new trial or, in the alternative, motion for remittitur. Both sides presented credible evidence on the mitigation issue. The jury weighed the evidence and rendered a verdict in favor of the Wallaces. Under these circumstances, the district court's denial of a new trial is virtually unassailable. *See George v. City of Long Beach,* 973 F.2d 706, 709 (9th Cir.1992). The jury carefully considered the evidence offered by both sides as reflected by the size of the award, which was considerably less than the highest amount endorsed by the Wallaces' experts. The fact that the jury gave less credence to the testimony offered by GEFCO's expert did not render the damages award "grossly excessive or monstrous." *See Hemmings v. Tidyman's Inc.,* 285 F.3d 1174, 1192 (9th Cir.2002).

The district court similarly acted within its discretion when it admitted into evidence the damage estimates calculated by the Wallaces' experts. *See id.* at 1183. An expert's alleged failure to consider all

---

possible variables goes to the weight of the expert evidence and not its admissibility. *See id.* at 1188–89.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

