**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, an Illinois Corporation, | Nos. 11-56208, 11-56321 |
| Plaintiff-counter-defendant - Appellee-Cross-Appellant, | D.C. No. 2:08-cv-03326-RSWL-FMO |
| v. | |
| RICHARD THACHER, an individual; VALERIE ANN THACHER, an individual; GUADALUPE TRUJILLO, an individual, | MEMORANDUM[*] |
| Defendants-counter-claimants -Cross Appellants- Appellees. | |

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, Senior District Judge, Presiding

Argued and Submitted February 5, 2013
Pasadena, California

Before: PREGERSON, W. FLETCHER, and NGUYEN, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Richard and Valerie Thacher (Thachers) and Guadalupe Trujillo (Trujillo) appeal the district court's grant of summary judgment in favor of Allstate on their counterclaims for breach of contract, bad faith, and punitive damages. Allstate cross-appeals the jury verdict underlying the district court judgment in favor of the Thachers and Trujillo and denying Allstate's claim for declaratory relief. The United States District Court for the Central District of California had diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm both the jury verdict and the summary judgment order.

## I. Allstate's challenge to the three-part jury verdict

A jury verdict in a civil case is reviewed for substantial evidence. *George v. City of Long Beach*, 973 F.2d 706, 709 (9th Cir. 1992). The jury was presented with sufficient "relevant evidence as reasonable minds might accept as adequate to support a conclusion": (1) that Allstate did not send the notice of non-renewal regarding the Comprehensive Policy to the Thachers, (2) that Allstate denied the Thachers coverage under the Umbrella Policy, and (3) that the arbitration award between the Thachers and Trujillo was not unreasonable or the product of fraud or collusion. *Id.*

Specifically, as to the notice of non-renewal and the denial of coverage under the Umbrella Policy, the jury was presented with conflicting witness testimony and chose to believe the Thachers' and Trujillo's witnesses' accounts. With respect to the reasonableness of the arbitration award, the jury considered the expert reports that had been submitted to the arbitrator, as well as Trujillo's testimony on direct and cross-examinatrion.

Accordingly, the district court's judgment upholding the jury verdict against Allstate is proper.

## II. The Thachers' and Trujillo's challenge to the summary judgment dismissal of their counterclaims for breach of contract, bad faith, and punitive damages

An appeal from the dismissal of a claim at summary judgment is reviewed *de novo*. *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1137 (9th Cir. 2009).

1. Breach of contract counterclaim

The district court properly granted summary judgment to Allstate on the Thachers' and Trujillo's breach of contract counterclaim because Allstate had not yet breached its duty to defend or indemnify the Thachers pursuant to the Umbrella Policy when Allstate filed for declaratory relief. After Allstate learned of the $515,073.98 arbitration award, it reserved its rights, provided the Thachers with counsel, and

3

properly filed a declaratory relief action to determine its obligations under the Comprehensive Policy and the Umbrella Policy. *See* Cal. Civ. Proc. Code § 1060 (providing insurers like Allstate a statutory right to seek declaratory relief to determine their rights and obligations under a contract after a final judgment is entered); *see also George F. Hillenbrand, Inc. v. Ins. Co. of N. Am.*, 128 Cal. Rptr. 2d 586, 599 (Ct. App. 2002). The district court only determined that Allstate had a duty to indemnify the Thachers under the Umbrella Policy after the jury found that the underlying primary Comprehensive Policy was in effect at the time of Trujillo's accident, and that Allstate had effectively denied Umbrella Policy coverage to the Thachers in 2005.

Allstate's failure to defend or indemnify the Thachers before they sought declaratory relief was not a breach of contract as to Allstate's Umbrella Policy. Accordingly, the Thachers' and Trujillo's breach of contract counterclaim was properly dismissed at summary judgment.

2. Bad faith counterclaim

A party has acted in bad faith when it breaches the implied covenant of good faith and fair dealing. The implied covenant of good faith and fair dealing prevents a party from doing anything that "injure[s] the right of the other to receive the benefits of the agreement." *Comunale v. Traders & Gen. Ins. Co.*, 328 P.2d 198, 200 (Cal.

4

1958)*; see also Chateau Chamberay Homeowners Ass'n. v. Associated Int'l Ins. Co.*, 108 Cal.Rptr.2d 776, 90 Cal. App. 4th at 347 ("the reasonableness of the insurer's decisions and actions must be evaluated as of the time that they were made").  Under the genuine dispute doctrine, an insurer has not acted "in bad faith when it mistakenly withholds policy benefits, if the mistake is reasonable or is based on a legitimate dispute as to the insurer's liability." *Century Sur. Co. v. Polisso*, 43 Cal.Rptr.3d 468, 478 (2006).  Because there was a legitimate dispute as to Allstate's obligations under the Umbrella Policy at the summary judgment stage, the district court's dismissal of the Thachers' and Trujillo's bad faith claim was proper.

3.  Punitive damages counterclaim

A claim for punitive damages is established when an insurer takes an unreasonable position, and has an intent to harm.  *See Beck v. State Farm Mut. Auto. Ins. Co.*, 126 Cal.Rptr. 602, 54 Cal. App. 3d 347, 355 (1976).  Because Allstate did not act unreasonably as a matter of law, the counterclaim for punitive damages was also properly dismissed at summary judgment.  *See id*.

**III.  Conclusion**

In sum, we affirm the district court's rulings across the board.  The three-part district court jury verdict in favor of the Thachers and Trujillo is supported by

substantial evidence.[1] The grant of summary judgment in favor of Allstate as to the Thachers' and Trujillo's breach of contract, bad faith, and punitive damages counterclaims is also proper.

**AFFIRMED.**

---

[1] The district court verdict and judgment uphold the underlying arbitration award confirmed by the Los Angeles County Superior Court.