**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROGELIO REYES, | No. 19-56144 |
| Plaintiff-Appellant, | D.C. No. 8:18-cv-01537-DOC-ADS |
| v. | |
| CITY OF SANTA ANA; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted October 7, 2020
Pasadena, California

Before: M. SMITH and OWENS, Circuit Judges, and CARDONE,[**] District Judge.

Appellant asks this court to reverse the district court's entry of summary judgment which disposed of his case. Appellant also requests that this court reverse the district court's denial of leave to amend his claim against Appellee City of Santa Ana pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), which was

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

dismissed before the summary judgment stage. The parties are familiar with the facts, so we do not recite them here, except as necessary to provide context to our ruling. We have jurisdiction under 28 U.S.C. § 1291.

1.      Initially, Appellant pleaded a Fourth Amendment illegal arrest claim against Appellees Anh Tu Phan, Daniel Carrillo, David Guzman, Jonathon Perez, Justin Collins, Kameron Henderson, Kenneth Gray, and Matthew Wharton (the Officers). The district judge found that the Officers had qualified immunity from Appellant's unlawful arrest claim because their conduct in detaining him did not violate clearly established law, and granted summary judgment for that reason. On appeal, Appellant argues that the Officers lack qualified immunity from his unreasonable arrest claim because they violated clearly established law in detaining him.

We start our analysis by setting out the relevant facts. On January 12, 2018, the Officers investigated a Sprint cell phone store robbery in Santa Ana, California. In so doing, the Officers identified Appellant as a suspect, then traveled to his apartment. After the Officers arrived at Appellant's home, they assembled near the front door, which is fronted by an open and unobstructed outdoor walkway that the public uses to pass through Appellant's apartment complex. When the Officers were ready to apprehend Appellant, one Officer knocked on Appellant's front door. After no one answered, the same Officer knocked again, and Appellant opened the door shortly thereafter. The Officers asked Appellant to put his hands up and exit the

2

residence. Appellant complied with both requests and stepped into his doorway. As Appellant passed over the threshold of his apartment, one of the Officers grasped Appellant's hand, turned him around, clasped his hands behind his back, pulled him out of the doorway, and handcuffed him.

The parties agree that, under the above facts, the Officers executed a doorway exception arrest authorized by *United States v. Vaneaton*, 49 F.3d 1423 (9th Cir. 1995). But Appellant maintains that *Vaneaton*'s doorway exception was abrogated by the limitations on police access to home curtilage set out in *Florida v. Jardines*, 569 U.S. 1 (2013). This reasoning fails. There is tension between *Jardines* and *Vaneaton*. *See United States v. Lundin*, 817 F.3d 1151, 1160–61 (9th Cir. 2016). However, these cases are distinguishable, as *Jardines* addressed police intrusions on home curtilage, while *Vaneaton* involved officers making an arrest while standing in motel common space that was open to the public. *Id*. Because *Jardines* and *Vaneaton* are not "clearly irreconcilable," the latter remains good law. *See Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003). As such, the Officers did not violate clearly established law of which a reasonable person would have been aware by arresting Appellant in his doorway. *See Martinez v. City of Clovis*, 943 F.3d 1260, 1270 (9th Cir. 2019).

In the alternative, Appellant argues that the Officers' conduct in arresting him was at odds with *United States v. Johnson*, 626 F.2d 753 (9th Cir. 1980). We view

*Johnson* as standing for the principle that police officers violate the Fourth Amendment when, in making an arrest, they use deception to convince a suspect to open a door to his home. *See* 626 F.2d at 757 ("Johnson opened the door of his dwelling after the agents misrepresented their identities; thus, Johnson's initial exposure to the view and the physical control of the agents was not consensual on his part."). *Johnson* also explains that police officers violate the Fourth Amendment when they show their weapons to secure consent to enter a suspect's residence. *See id.* ("Johnson's invitation to the agents to enter after the door was opened was hardly voluntary in light of the coercive effect of the weapons brandished by the agents."). Neither happened here. Appellant observed one or more of the Officers through his peephole after an Officer knocked on his door, and the Officers did not pretend to be anyone else. Also, Appellant did not actually see any firearms before opening his door, or invite the Officers into his apartment. For these reasons, *Johnson* is inapposite to Appellant's case.

The Officers did not violate any clearly established law by arresting Appellant as he passed through his doorway, and *Johnson* is irrelevant to this case. Therefore, the Officers have qualified immunity from Appellant's Fourth Amendment illegal arrest claim. We accordingly **AFFIRM** summary judgment on that claim.

2.     Appellant also pleaded a California false arrest claim against the Officers. In response, the Officers claimed California Penal Code § 847(b)(1) immunity. The

4

district judge granted summary judgment on Appellant's California false arrest claim because the Officers had probable cause to detain Appellant and qualified immunity from Appellant's Fourth Amendment unlawful arrest claim. However, "probable cause is necessary but not by itself sufficient to establish an arrest's lawfulness." *George v. City of Long Beach*, 973 F.2d 706, 710 (9th Cir. 1992). And California Penal Code § 847(b)(1) does not incorporate federal qualified immunity concepts. *See Cornell v. City & Cnty. of S.F.*, 225 Cal. Rptr. 3d 356, 374 (Cal. Ct. App. 2017). Because the district judge misapplied California law and there are genuine issues of material fact regarding whether the Officers violated Appellant's constitutional rights when they arrested him, we **REVERSE** summary judgment on the California false arrest claim and **REMAND**.

3.     Beyond the above claims, Appellant pursued a Fourth Amendment excessive force claim based on the Officers putting him in tight handcuffs. Tight handcuffing can constitute a Fourth Amendment violation. *See Wall v. Cnty. of Orange*, 364 F.3d 1107, 1112 (9th Cir. 2004); *LaLonde v. Cnty. of Riverside*, 204 F.3d 947, 960 (9th Cir. 2000); *Palmer v. Sanderson*, 9 F.3d 1433, 1436 (9th Cir. 1993); *Hansen v. Black*, 885 F.2d 642, 645 (9th Cir. 1989). But, in these cases, the plaintiff suffered more than nominal injuries from their handcuffs, or complained to police about tight handcuffs, only to have their requests for loosening ignored. Summary judgment on a tight handcuffing Fourth Amendment excessive force claim is merited if a plaintiff

does not seek medical help or offer supporting documentary evidence. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001).

In support of his tight handcuffing Fourth Amendment excessive force claim, Appellant alleged that he sustained a "little bruise" that did not result in black skin discoloration, indentations that lasted until the end of the day he was released from jail, and about two days of soreness. These are nominal injuries for which Appellant did not seek medical treatment. *Cf. Wall*, 364 F.3d at 1112 (plaintiff suffered a nerve injury in his wrist); *Palmer*, 9 F.3d at 1436 (plaintiff had bruises that lasted for weeks). Also, when Appellant protested that his handcuffs were tight and asked for loosening, Appellee Henderson complied with this request. Since Appellant offers no other evidence, we **AFFIRM** summary judgment on his tight handcuffing Fourth Amendment excessive force claim.

4.      Appellant supplemented the above allegations with a California battery claim. *See So v. Shin*, 151 Cal. Rptr. 3d 257, 269 (Cal. Ct. App. 2013) (California battery requires, among other things, that a "defendant touched plaintiff, or caused plaintiff to be touched, with the intent to harm or offend plaintiff."). But the reasonableness standard applied to state law battery by a peace officer matches the reasonableness standard used for Fourth Amendment excessive force claims. *See Yount v. City of Sacramento*, 76 Cal. Rptr. 3d 787, 802 (2008) (California battery claims, like § 1983 claims, require evidence that the officer used unreasonable force). Since Appellant

failed to prove that his handcuffing violated the Fourth Amendment's proscription on excessive force, we **AFFIRM** summary judgment on his California battery claim.

5.     Appellant grounded a second Fourth Amendment excessive force claim in the Officers aiming their guns at him as he opened his door.  Pointing guns at a suspect can be excessive force.  *See Espinosa v. City & Cnty. of S.F.*, 598 F.3d 528, 537 (9th Cir. 2010); *Tekle v. United States*, 511 F.3d 839, 845–46 (9th Cir. 2007); *Robinson v. Solano Cnty.*, 278 F.3d 1007, 1015 (9th Cir. 2002) (en banc).  Appellant pleaded this gun pointing Fourth Amendment excessive force claim in his original and amended complaints, and Appellees moved for summary judgment on it.  Yet, the district judge did not address gun pointing in granting Appellees summary judgment on excessive force.  The district judge then entered a final judgment on the merits, which improperly terminated Appellant's gun pointing Fourth Amendment excessive force claim without consideration.  "In general, an appellate court does not decide issues that the trial court did not decide."  *Planned Parenthood of Greater Wash. and N. Idaho v. U.S. Dep't of Health & Human Servs.*, 946 F.3d 1100, 1110 (9th Cir. 2020).  As such, we **REVERSE** and **REMAND** to the district court to decide in the first instance whether Appellant's gun pointing Fourth Amendment excessive force claim survives summary judgment.

6.     The above reversal affects Appellant's California assault and Civil Code § 52.1 claims.  The district judge entered summary judgment on these state law

claims because Appellant did not prevail on his Fourth Amendment excessive force claim. However, the district judge never ruled on Appellant's gun pointing Fourth Amendment excessive force claim. This omission is key as California assault concerns invasions of the right to be free from fear of personal harm, which could be caused by pointing a gun in a threatening manner. *See Plotnik v. Meihaus*, 146 Cal. Rptr. 3d 585, 597 (Cal. Ct. App. 2012). California Civil Code § 52.1 addresses violations of civil rights through intimidation or threats, which may include pointing a gun at another person. *See Reese v. Cnty. Of Sacramento*, 888 F.3d 1030, 1040–41 (9th Cir. 2018). Section 1983 qualified immunity is not dispositive of Civil Code § 52.1 claims. *See id*. Therefore, we **REVERSE** summary judgment on Appellant's California assault and Civil Code § 52.1 claims and **REMAND**.

7.    Appellant also brought a Fourth Amendment illegal search of property claim against the Officers on grounds that he was forced to consent to a post-arrest search of his apartment. The fact that the Officers pointed guns at Appellant as he opened his door does not invalidate Appellant's later consent to the search of his home, which was given to one Officer during an interaction that did not involve drawn weapons. *See United States v. Alfonso*, 759 F.2d 728, 741 (9th Cir. 1985). Also, the Officers did not tell Appellant that they would secure a search warrant absent his consent. Under these circumstances, Appellant freely and voluntarily consented to the Officers' search of his residence. *See United States v. Johnson*, 875 F.3d 1265,

1276–77 (9th Cir. 2017). Hence, we **AFFIRM** summary judgment on Appellant's Fourth Amendment unlawful search of property claim.

8.      The district judge found that Appellant's Fourth Amendment illegal property search and California trespassing claims were entwined to the point where his ruling on the former disposed of the latter. California trespassing requires "lack of permission for the entry or acts in excess of permission" that was obtained from an occupant. *Ralphs Grocery Co. v. Victory Consultants, Inc.*, 225 Cal. Rptr. 3d 305, 317 (Cal. Ct. App. 2017). Appellant readily consented to the Officers' search of his apartment during an interaction with one Officer who did not brandish any weapons or mention securing a search warrant. Since Appellant voluntarily gave the Officers permission to enter and search his residence, we **AFFIRM** the district court's entry of summary judgment on his California trespassing claim.

9.      Appellant also challenges the district court's denial of leave to amend his *Monell* claim against Appellee City of Santa Ana. A one-off incident cannot be the basis of a *Monell* claim. *See Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents."). But a *Monell* claim filed by way of 42 U.S.C. § 1983 will withstand a motion to dismiss "even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice." *Lee v. City of L.A.*, 250 F.3d 668, 682–83 (9th Cir. 2001) (internal

9

quotation marks and citation omitted).

In deposition testimony, Appellee Henderson advised that Santa Ana Police Department officers routinely arrest individuals by employing the same procedure used to detain Reyes. Appellee Henderson stated that he was trained to "pull up in front of the house, . . . set up a perimeter, and call everybody out from the house." Also, when asked if the Santa Ana Police Department trains its officers to order people out of homes at gunpoint, Appellee Carrillo responded as follows: "So yes, I do believe that what we did at that time was the right thing to do to keep everybody safe." Under this court's law on *Monell* pleading standards, Appellant should have been afforded the opportunity to remedy any pleading defects specific to that claim through amendment. *See Ariz. Students' Assn. v. Ariz. Bd. of Regents*, 824 F.3d 858, 871 (9th Cir. 2016) ("Dismissal of a complaint without leave to amend is only proper when, upon *de novo* review, it is clear that the complaint could not be saved by any amendment."). As a result, we **REVERSE** the district court's denial of Appellant's request for leave to amend his *Monell* claim and **REMAND**.

For the foregoing reasons, summary judgment for Appellees is **AFFIRMED** in part and **REVERSED** in part, and the denial of leave to amend is **REVERSED**. We **REMAND** this case for further proceedings consistent with this memorandum.