

**FILED**

FEB 1 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOSHUA GONZALEZ,

        Plaintiff-Appellant,

 v.

CITY OF HUNTINGTON BEACH;
TREVOR JACKSON; RICHARD
GONZALES,

        Defendants-Appellees,

 and

MICHAEL SCAFUTO; DOES, 1 through
6, inclusive,

        Defendants.

No.   19-56046

D.C. No.
8:18-cv-00953-DOC-DFM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted December 11, 2020
Pasadena, California

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: N.R. SMITH and LEE, Circuit Judges, and KENNELLY,[**] District Judge. Partial Concurrence and Partial Dissent by Judge KENNELLY

Joshua Gonzalez appeals the district court's grant of summary judgment for the City of Huntington Beach, arguing that the district court erred in holding (1) that his arrest was constitutionally justified and, even if it were not, that the officers' actions were protected by qualified immunity, and (2) that his state-law claims for false arrest and trespassing both failed as a matter of law.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, and reverse and remand in part.

1. We apply a two-step analysis where an officer asserts a qualified immunity defense: (A) "whether the facts taken in the light most favorable to the plaintiff show that the officer's conduct violated a constitutional right"; and (B) if so, "whether the right in question was clearly established at the time of the officer's actions, such that any reasonably well-trained officer would have known that his

---

[**] The Honorable Matthew F. Kennelly, United States District Judge for the Northern District of Illinois, sitting by designation.

[1] We review de novo the district court's grant of summary judgment. *See Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004); *see also Garcia v. County of Merced*, 639 F.3d 1206, 1208 (9th Cir. 2011) (setting forth the de novo standard of review for "a grant of summary judgment on the basis of qualified immunity").

conduct was unlawful."[2]  *Orn v. City of Tacoma*, 949 F.3d 1167, 1174 (9th Cir. 2020).

A.    Gonzalez argues that his arrest violated constitutional protections because Officers Gonzales and Jackson did not have either reasonable suspicion to stop Gonzalez based on Scafuto's trespass allegations, or probable cause to arrest Gonzalez for violating California Penal Code section 148(a)(1).  Alternatively, and even assuming the Officers had probable cause to arrest him, Gonzalez argues that he was unlawfully arrested, because there were no exigent circumstances justifying the Officers' warrantless entrance into his residence.

i.    Looking at the "totality of the circumstances," the Officers had reasonable suspicion that Gonzalez trespassed on Scafuto's property.  *United States v. Raygoza-Garcia*, 902 F.3d 994, 1000 (9th Cir. 2018) (quoting *United States v. Arvizu*, 534 U.S. 266, 273 (2002)).  Specifically, based on Scafuto's claim that Gonzalez trespassed on his property and Scafuto's identification of Gonzalez, the Officers had "a particularized and objective basis" sufficient to justify stopping Gonzalez.  *Id.* (quoting *Arvizu*, 534 U.S. at 273).  This is true even assuming that it was a legal impossibility for Gonzalez to have trespassed upon Scafuto's backyard.

---

[2] Though we "have the discretion to skip the first step" of this analysis "when the officer is plainly entitled to prevail at the second step," *Orn*, 949 F.3d at 1174, we apply both steps in this case.

*Cf. Peng v. Mei Chin Penghu*, 335 F.3d 970, 977–78 (2003) (concluding that even probable cause may exist on the basis of a tip or information that turns out to be false); *Navarette v. California*, 572 U.S. 393, 398–99 (2014) (noting that even an anonymous tip bearing "adequate indicia of reliability" may create reasonable suspicion to justify a stop).

The Officers also had probable cause to arrest Gonzalez. "Probable cause to arrest exists when 'officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe an offense has been or is being committed by the person being arrested.'" *Harper v. City of Los Angeles*, 533 F.3d 1010, 1022 (9th Cir. 2008) (quoting *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007)). Thus, under the totality of circumstances known to the arresting Officers, *see Velazquez v. City of Long Beach*, 793 F.3d 1010, 1018–19 (9th Cir. 2015), the Officers had probable cause to believe Gonzalez violated California Penal Code section 148(a)(1), *In re Gregory S.*, 169 Cal. Rptr. 540, 547 (Ct. App. 1980) (stating that a violation of California Penal Code section 148 occurs where an officer "had the legal right . . . to detain," the defendant was "aware of the officer's desire" to detain him, and the defendant did not "permit

himself to be detained").[3] As noted above, the Officers had the legal right to detain Gonzalez. After asking Cofell to go inside her residence, Officer Gonzales touched Gonzalez on the arm and said "not you," when he started walking away. Officer Gonzales also beckoned Gonzalez to stay and requested that he "come hang out here, man." Yet Gonzalez walked away from the Officers into Cofell's residence (different from York's residence, where he told the Officers that his identification was located).

ii.     Gonzalez's arrest was nevertheless unlawful. "In terms that apply equally to seizures of property and to seizures of persons, the Fourth Amendment has drawn a firm line at the entrance to the house. Absent exigent circumstances, that threshold may not reasonably be crossed without a warrant." *Payton v. New York*, 445 U.S. 573, 590 (1980). Contrary to the government's arguments, the Officers' warrantless entry was not justified by "hot pursuit," because the Officers were not in "immediate and continuous pursuit" of Gonzalez when they entered the

---

[3] Though Gonzalez is correct in asserting that all reasonable inferences must still be drawn in Gonzalez's favor at this stage of the proceeding, the question of whether probable cause existed "'is based upon the totality of the circumstances known to the officers at the time' of the arrest." *Velazquez*, 793 F.3d at 1018 (quoting *United States v. Patayan Soriano*, 361 F.3d 494, 505 (9th Cir. 2004)). Thus, the district court did not err by considering the interaction from Officer Gonzales's perspective for purposes of determining whether probable cause existed.

residence.[4] *Welsh v. Wisconsin*, 466 U.S. 740, 753 (1984). Officer Gonzales made little real effort to stop Gonzalez from walking away from their conversation. And once Gonzalez did leave, Officer Gonzales did not chase after him. Instead, he turned his back to Gonzalez and confronted Gonzalez's friend for nearly a minute without any seeming concern as to Gonzalez's whereabouts. The Officers also stopped to speak with another man before approaching the residence. Only then—nearly two minutes after Gonzalez casually walked away from Officer Gonzales—did the Officers actively pursue Gonzalez once inside the residence. At bottom, this is not one of those rare cases in which a warrantless entry is justified when investigating a misdemeanor offense. *See United States v. Johnson*, 256 F.3d 895, 909 n.6 (9th Cir. 2001) (en banc).

B.    Despite the Officers' constitutional violation, the doctrine of qualified immunity protects them from liability. Our court has instructed that, as a general matter, "liability does not attach unless a case exists in which a police officer acting under similar circumstances was held to have violated the Fourth Amendment." *Cortesluna v. Leon*, 979 F.3d 645, 652 (9th Cir. 2020). Because there is no case law "render[ing] the unlawfulness of [the Officers'] conduct

---

[4] Nor were any other exigencies that might justify a warrantless entry. For example, there was no indication that Gonzalez was dangerous. Likewise, there was no evidence that could be destroyed.

6

'beyond debate,'" the doctrine of qualified immunity protects the Officers from liability in this case. *Orn*, 949 F.3d at 1178 (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011)). Moreover, this is not one of those "rare 'obvious case[s],' where the unlawfulness of the officer's conduct is sufficiently clear even though existing precedent does not address similar circumstances." *Cortesluna,* 979 F.3d at 653 n.4 (quoting *District of Columbia v. Wesby*, 138 S. Ct. 577, 590 (2018)).

2.      The district court erred in granting summary judgment on Gonzalez's California state false arrest claim. Because there were no exigent circumstances to justify the Officers' warrantless entry into the residence, the warrantless arrest was unlawful. *See George v. City of Long Beach*, 973 F.2d 706, 710 (9th Cir. 1992). Thus, the district court erred in holding that the Officers carried out the arrest with lawful privilege. *See id.*; *Askari v. City of Los Angeles*, 937 P.2d 273, 281–82 (Cal. 1997).

However, the district court correctly granted summary judgment on Gonzalez's California state trespass claim. "An action for trespass may technically be maintained only by one whose right to possession has been violated . . . ." *Smith v. Cap Concrete, Inc.*, 184 Cal. Rptr. 308, 310 (Ct. App. 1982). Although tenants have a possessory interest in property, a licensee does not. *See Spinks v. Equity Residential Briarwood Apartments*, 90 Cal. Rptr. 3d 453, 482 (Ct. App.

7

2009).  Because Gonzalez did not have an exclusive possessory interest in the residence, we affirm the district court's holding that Gonzalez has no standing to bring a trespass claim.

**AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this disposition.  Parties shall bear their own costs on appeal.**

*Gonzalez v. City of Huntington Beach*, No. 19-56046

KENNELLY, District Judge, concurring in part and dissenting in part:

I agree with the majority that a reasonable jury could find that Joshua Gonzalez's arrest was unlawful because the arresting officers had no legal basis under the "hot pursuit" doctrine to enter the house to arrest him. I therefore agree that the district court erred in granting summary judgment against Gonzalez on his state-law false arrest claim. I also agree that the grant of summary judgment against Gonzalez on the state-law trespass claim was appropriate for the reasons cited by the majority. I respectfully disagree, however, with the majority's conclusions that the officers had probable cause to arrest Gonzalez for violating California Penal Code 148(a)(1) and that qualified immunity protects the officers from liability for their entry into the home.

A brief factual overview is necessary to make my point. Gonzalez was involved in a heated verbal confrontation with a neighbor. The neighbor called 911, and two Huntington Beach police officers were dispatched. When the officers arrived, Officer Richard Gonzales was directed to and approached Gonzalez. Much of this interaction was captured via a security camera and cell phone video.

Officer Gonzales began by asking to speak to Gonzalez. He then asked to see Gonzalez's identification. Gonzalez explained that his identification was in his boyfriend's apartment, and he gestured in the direction where the security camera

1

was situated. Gonzalez testified that the officer told him to go get his identification and a reasonable jury could credit that testimony, particularly in light of the video evidence. As Gonzalez began walking to his boyfriend's apartment, a neighbor and friend, Shannon Cofell, approached him and brought him back to Officer Gonzales. (At the time, Gonzalez was living at Cofell's home, the entrance to which was adjacent to Gonzalez's boyfriend's home.) Cofell asked Officer Gonzales why he needed Gonzalez's identification. After some caustic conversation, largely involving Cofell and the officer, Officer Gonzales asked Cofell to leave. Gonzalez began walking in the direction of Cofell's home, which was in the same direction toward which Gonzalez had previously gestured. At this point, Officer Gonzales said, "Come hang out here, man." A reasonable jury could find, based on the officer's contemporaneous actions and the tenor of his speech, that he did not intend this as a command or direction not to leave. Gonzalez did not hear what the officer had said and kept walking. Officer Gonzales did not ask or tell Gonzalez to come back, did not tell him not to leave, did not gesture toward Gonzalez, and did not walk after or pursue him. Instead, Officer Gonzales remained right where he had been standing and continued to talk to Cofell for a full minute before allowing her to walk away.

After Cofell walked away, Officer Trevor Jackson, who had been around the corner, came within the range of the security camera and joined Officer Gonzales.

2

Together, the officers walked toward Cofell's home, but they stopped and had a short casual conversation with another neighbor. It was only after this that the officers entered Cofell's property. They walked through her front door uninvited, and they arrested Gonzalez inside her home.

The majority concludes that the officers had probable cause to believe Gonzalez violated California Penal Code § 148(a)(1) by walking away from Officer Gonzales. A defendant violates Section 148(a)(1) when: "(1) the defendant willfully resisted, delayed, or obstructed a peace officer, (2) when the officer was engaged in the performance of his or her duties, and (3) the defendant knew or reasonably should have known that the other person was a peace officer engaged in the performance of his or her duties." *Smith v. City of Hemet*, 394 F.3d 689, 695 (9th Cir. 2005) (en banc). "Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested." *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007). "The determination of probable cause is based upon the totality of the circumstances known to the officers at the time of the arrest." *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1018 (9th Cir. 2015) (alterations accepted) (internal quotation marks omitted).

Summary judgment is proper, of course, only if there is no dispute regarding

3

any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine issue of material fact exists if there is evidence sufficient to permit a reasonable jury to find for the non-moving party. *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). A court is required to view the evidence in the light most favorable to the non-moving party, here Gonzalez, and must draw all reasonable inferences in that party's favor. *See Suzuki Motor Corp. v. Consumers Union of U.S., Inc.*, 330 F.3d 1110, 1131–32 (9th Cir. 2003).

I conclude that a reasonable jury could find that the officers lacked probable cause to believe Gonzalez "resisted, delayed, or obstructed" them. *See Smith*, 394 F.3d at 695. This is so for two reasons. First, a reasonable jury reviewing the video evidence and considering the testimony could find that Officer Gonzales at no point detained Gonzalez but rather that his encounter with Gonzalez was consensual. Second, a reasonable jury could find Officer Gonzales's recorded, contemporaneous actions and words to be utterly inconsistent with the officers' contention that they believed Gonzalez was evading or obstructing them. A jury therefore reasonably could find that when Gonzalez walked toward the house—consistent, I might add, with the officer's request that he go get his identification—no reasonable officer could have perceived him to be in any way resisting, delaying, or obstructing the officers. Both of these propositions are supported by the same evidence. The video and audio evidence reasonably may be viewed as

4

depicting a consensual encounter and as undermining any contention that a reasonable police officer could have believed that Gonzalez was in any way fleeing, resisting, delaying, or obstructing by walking away. It is noteworthy that Officer Gonzales neither asked nor told Gonzalez to stay nor objected, tried to stop, or pursued him when he walked toward the home. Instead, as the majority recognizes, Officer Gonzales continued his conversation with Cofell "without any seeming concern as to Gonzalez's whereabouts." Majority Op. at 5.

The majority correctly points out that the standard for probable cause considers the perspective of a reasonable officer. But this does not alter the fact that the standard for summary judgment requires considering the evidence in the light most favorable to the non-moving party. In this case, a reasonable jury viewing the evidence could find that no reasonable officer would have believed Gonzalez committed an offense by walking away.

For these reasons, I believe that summary judgment on the matter of probable cause was inappropriate. *See Thomas*, 611 F.3d at 1150. In addition, given the hotly and genuinely disputed material facts, the officers were not entitled to summary judgment on the question of qualified immunity regarding the issue of probable cause. *Wilkins v. City of Oakland*, 350 F.3d 949, 956 (9th Cir. 2003) ("Where the officers' entitlement to qualified immunity depends on the resolution of disputed issues of fact in their favor, and against the non-moving party,

5

summary judgment is not appropriate.").

Turning to the question of the officers' warrantless entry into the home, I agree with the majority's conclusion that this was not justified by the doctrine of hot pursuit. But in my view, this is so not just because of the absence of "immediate and continuous pursuit," Majority Op. at 5, and the absence of other exigencies, but also because of the evidence showing the absence of probable cause. If probable cause was lacking, pursuit of Gonzalez into Cofell's home was improper under any understanding of the doctrine of hot pursuit. *See United States v. Johnson*, 256 F.3d 895, 905 (9th Cir. 2001) (en banc) (explaining that although exigent circumstances may excuse the absence of a warrant, they do not dispense with the underlying requirement of probable cause); *United States v. Struckman*, 603 F.3d 731, 739 (9th Cir. 2010) (same). Because the facts supporting this essential predicate for application of the hot pursuit doctrine were genuinely disputed, the officers were not entitled to summary judgment on qualified immunity grounds regarding their warrantless entry.

For these reasons, I respectfully dissent from the majority's conclusion that the grant of summary judgment against Gonzalez on his claim under 42 U.S.C. § 1983 was proper. I would reverse the grant of summary judgment on that claim as well as on the state-law false arrest claim and would remand the case for further proceedings on those claims.

6