**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEBORAH DOERFLER-CASNER, | No. 06-16881 |
| Plaintiff - Appellant, | D.C. No. CV-03-1864-WBS |
| v. | |
| PLACER COUNTY DEPARTMENT OF PUBLIC WORKS, | MEMORANDUM * |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Argued and Submitted November 4, 2009
San Francisco, California

Before: HAWKINS and THOMAS, Circuit Judges, and KORMAN, ** District Judge.

Two separate issues are raised in this appeal by Deborah Doerfler-Casner from

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Edward R. Korman, United States District Judge, Eastern District of New York, sitting by designation.

(1) a judgment entered in favor of Placer County Department of Public Works after jury verdict on her Title VII claim and (2) an order of the district court granting summary judgment in favor of Placer County on her pendent state law claims. We assume the parties' familiarity with the factual background and procedural history.

I

Doerfler-Casner challenges the instructions and special verdict sheet the district court submitted to the jury on her gender discrimination claim against Placer County. Both parties agreed to jury instructions and special verdict questions which suggested that the plaintiff had to establish she was the victim of conduct "of a sexual nature." The jury returned a verdict in favor of Placer County. Doerfler-Casner argues correctly that the phrase "of a sexual nature" in the jury instructions and special verdict questions was erroneous.

Because Doerfler-Casner did not object to the jury instructions or special verdict questions, they are reviewable for plain error only. See Fed. R. Civ. P. 51(d)(2). In evaluating whether a particular jury instruction was plainly erroneous, we consider the jury instructions as a whole. See Swinton v. Potomac Corp., 270 F.3d 794, 802 (9th Cir. 2001).

Although the district court's use of the phrase "of a sexual nature" was incorrect, it does not meet the standard for "plain error." When the jury asked for

clarification, the district judge accurately defined it. Although the jury requested clarification only with respect to Question 5 of the verdict sheet and the district court did not explicitly state that the definition applied to the phrase as used throughout the jury instructions and special verdict questions, there is no reason to conclude that it did not apply the correct definition to all uses of the phrase. Indeed, during a nine-day trial, both parties repeatedly discussed discrimination on the basis of gender, including at length during their closing arguments. In light of both the district court's response to the jury's question and the evidence and arguments presented at trial, the phrase did not constitute plain error.

## II

Doerfler-Casner also argues that the district court should not have granted Placer County's motion for summary judgment on her pendent state law claims for assault and battery. The district court dismissed Doerfler-Casner's § 1983 claims, from which no appeal was taken, and we are affirming the judgment in favor of Placer County on the Title VII claim. Although the disposition of all federal claims does not deprive us of subject matter jurisdiction over the pendent state law claims, see Rosado v. Wymam, 397 U.S. 397, 405 (1970), we may in our discretion decline to exercise jurisdiction over them, see United Mine Workers of America v. Gibbs, 383 U.S. 715, 727 (1966) ("[T]he issue whether pendent jurisdiction has been properly assumed is

one which remains open throughout the litigation.").

Our affirmance of the judgment entered on the jury verdict with respect to the Title VII cause of action means that "this case [now] involves a <u>complete</u> 'hegemony of state law claims,' such that relinquishment of federal court jurisdiction is warranted," <u>Rounseville v. Zahl</u>, 13 F.3d 625, 631 (2d Cir. 1994), because it would require us to grapple with questions of California law to determine whether summary judgment was properly granted. This is an exercise that should properly be performed by the California courts. Thus, we vacate the summary judgment order with instructions to dismiss the pendant state law claims without prejudice.

CONCLUSION

The district court's judgment entered in accordance with the jury verdict is affirmed. The district court's order granting summary judgment for Placer County on Doerfler-Casner's pendent state law claims is vacated with instructions to dismiss the claims without prejudice.[1]

**AFFIRMED in part; VACATED and REMANDED in part**. Each party to bear its own costs on appeal.

---

[1]    We note that the statute of limitations on the supplemental state law claims is tolled during the pendency of the federal action. <u>See</u> 28 U.S.C. § 1367(d).