FILED

**NOT FOR PUBLICATION**

MAR 05 2013

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHARON BLACK, | No. 09-17874 |
| Plaintiff - Appellee, | D.C. No. 1:07-cv-00299-DAE-LEK |
| MARK STANTON BEATTY, | |
| Appellee-Intervenor, | MEMORANDUM AND ORDER[*] |
| v. | |
| CITY AND COUNTY OF HONOLULU, HONOLULU POLICE DEPARTMENT; STEPHEN WATARAI; KEVIN LIMA; CARLTON NISHIMURA; OWEN HARADA; CITY AND COUNTY OF HONOLULU, MEDICAL EXAMINERS OFFICE; KANTHI DE ALWIS; WILLIAM W. GOODHUE; ALICIA KAMAHELE; CITY AND COUNTY OF HONOLULU, HUMAN RESOURCES DEPARTMENT; DENISE TSUKAYAMA; CITY AND COUNTY OF HONOLULU, PROSECUTING ATTORNEY DEPARTMENT; WAYNE HASHIRO, in his official position as Managing Director of the C&C of Honolulu, with final responsibility for supervising Directors of Departments, | |

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Defendants,

and

CITY AND COUNTY OF HONOLULU,

Defendant - Appellant.

---

SHARON BLACK,

Plaintiff - Appellant,

MARK STANTON BEATTY,

Appellant-Intervenor,

v.

CITY AND COUNTY OF HONOLULU, HONOLULU POLICE DEPARTMENT; STEPHEN WATARAI; KEVIN LIMA; CARLTON NISHIMURA; OWEN HARADA; CITY AND COUNTY OF HONOLULU, MEDICAL EXAMINERS OFFICE; KANTHI DE ALWIS; WILLIAM W. GOODHUE; ALICIA KAMAHELE; CITY AND COUNTY OF HONOLULU, HUMAN RESOURCES DEPARTMENT; DENISE TSUKAYAMA; CITY AND COUNTY OF HONOLULU, PROSECUTING ATTORNEY DEPARTMENT; WAYNE HASHIRO, in his official position as Managing Director of the C&C of Honolulu, with final responsibility for

No. 10-15051

D.C. No. 1:07-cv-00299-DAE-LEK

2

supervising Directors of Departments,

Defendants,

and

CITY AND COUNTY OF HONOLULU,

Defendant - Appellee.

Appeal from the United States District Court
for the District of Hawaii
David A. Ezra, District Judge, Presiding

Argued and Submitted February 11, 2013
Honolulu, Hawaii

Before: GRABER, BYBEE, and CHRISTEN, Circuit Judges.

The City and County of Honolulu (the "City") appeals from the district

court's entry of judgment in favor of Sharon Black based on a jury verdict in

Black's favor on her claim of retaliation under Title VII of the Civil Rights Act of

1964, 42 U.S.C. § 2000e-3(a). The City objects to both the judgment and the

district court's award of attorney's fees for Black's trial counsel, Mark Beatty.

Beatty, as intervenor, argues that the district court erred in denying attorney's fees

3

for some of his work. We affirm both the judgment and the grant of attorney's fees.[1]

1. The City claims that neither the jury's verdict nor the denial of the City's motion for judgment as a matter of law can be affirmed because there was not substantial evidence of either (1) the existence of an adverse employment action, or (2) a causal link between Black's protected activity and any adverse employment action. *See Stegall v. Citadel Broad. Co.*, 350 F.3d 1061, 1065–66 (9th Cir. 2004) (describing the elements of a prima facie Title VII retaliation case); *Gilbrook v. City of Westminster*, 177 F.3d 839, 856 (9th Cir. 1999) (stating that "substantial evidence" is the appropriate standard of review for the claims at issue here). Given that we may not weigh evidence or assess witness credibility when reviewing a jury verdict or the denial of a motion for judgment as a matter of law for substantial evidence on appeal, *see George v. City of Long Beach*, 973 F.2d 706, 709 (9th Cir. 1992), we cannot agree with the City.

Given our broad understanding of what constitutes an adverse employment action, *see Ray v. Henderson*, 217 F.3d 1234, 1243 (9th Cir. 2000), substantial

---

[1] Black filed a notice of cross-appeal, but she later died, and no personal representative came forward to represent her in this matter. The remaining parties to the case—the City and Beatty—agreed that Black's cross-appeal should be dismissed. Black's cross-appeal is DISMISSED.

evidence supported the conclusion that multiple actions taken by the City were adverse employment actions, including at least the transfer of Black to the Records Division, *see id.* at 1241, and the internal investigation based on the complaint received by the Honolulu Police Department from the Medical Examiner's Office, *see Ulrich v. City & Cnty. of San Francisco*, 308 F.3d 968, 977 (9th Cir. 2002).

Substantial evidence also supported the existence of a sufficient causal link between Black's protected activity—her sexual harassment lawsuit initiated in 1997—and these adverse employment actions. Under the mixed-motive framework applied in Black's case, the relevant inquiry for determining whether the causation element of the prima facie retaliation case is satisfied is whether Black's protected activity was a motivating factor in the adverse employment action. There is circumstantial evidence from which the jury could have inferred causation in this case. *See Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987).

The City could have avoided liability in spite of Black's prima facie showing of retaliation had it proved that the same adverse employment decisions regarding Black would have been made regardless of her engagement in protected activity, but the City's argument on this front that it was just following internal

5

policies is undermined by Black's testimony that the City was inconsistent in following the relevant policies.

2. The City argues that a new trial is warranted because the jury's verdict was against the clear weight of the evidence, and because the City was prejudiced when the district court allowed Black's malicious prosecution claims to go to trial and allowed Black to raise the criminal prosecution in connection with her Title VII retaliation claim, resulting in a miscarriage of justice. *See Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 510 n.15 (9th Cir. 2000). We will reverse the denial of a motion for a new trial based on an allegation that the jury's verdict was against the clear weight of the evidence only in specific circumstances, *see Landes Constr. Co. v. Royal Bank of Can.*, 833 F.2d 1365, 1372 (9th Cir. 1987), none of which is present here. Even if the district court should not have allowed Black's malicious prosecution claims to be heard by the jury, evidence related to the criminal prosecution could have been presented in connection with the Title VII claim, so the prejudicial evidence in question would have been heard by the jury anyway. There was thus no miscarriage of justice, and no new trial is warranted.

3. We construe the City's claim that the district court erred by not requiring Black to demonstrate that there was not probable cause for her criminal

6

prosecution as a challenge to the jury instructions. Because the City failed to object during the trial to the relevant jury instruction, we review for plain error. *Hunter v. Cnty. of Sacramento*, 652 F.3d 1225, 1230 (9th Cir. 2011); *see* Fed. R. Civ. P. 51(d)(2). The City's argument based on the Supreme Court's decision in *Hartman v. Moore*, 547 U.S. 250 (2006), requires an extension of that case to the Title VII context. The district court's failure to make such an extension was not plain error.

4.      The City argues that the district court erred by not reducing the grant of fees based on Beatty's limited success on behalf of Black. We review awards of attorney's fees for an abuse of discretion. *Jones v. Giles*, 741 F.2d 245, 250 (9th Cir. 1984). Although fees may be reduced based on limited success, "[s]uch decisions are within the district court's discretion." *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 901–02 (9th Cir. 1995). The district court did not abuse its discretion in failing to further reduce the fee award in light of the fact that it was already otherwise cutting the compensable hours nearly in half.

5.      Beatty argues that the district court abused its discretion in denying fees for time he spent preparing for and attending litigation seminars, and for time he spent on work that resulted from his fractured relationship with Black. The district court did not abuse its discretion in denying fees for the seminars because they were

7

primarily for Beatty's development and education; nor did it abuse its discretion in denying fees for the work resulting from the problems between Beatty and Black because that work was not necessary or related to Black's litigation.

Beatty also argues that he should be awarded a premium lodestar because he took Black's case on a contingency basis and advanced costs for the litigation. Whether a fee is fixed or contingent is not a factor that may be considered in calculating the lodestar in a Title VII retaliation case. *See Davis v. City & Cnty. of San Francisco*, 976 F.2d 1536, 1548–49 (9th Cir. 1992), *vacated in part on other grounds*, 984 F.2d 345 (9th Cir. 1993) (order). Beatty offers no support for his contention that it was an abuse of discretion to not award a premium lodestar based on his advancing of costs. There was no abuse of discretion here.

The judgment and award of attorney's fees are AFFIRMED. Black's cross-appeal is DISMISSED.[2]

---

[2] The outstanding motions for sanctions against the City are DENIED. The City's appeal was unsuccessful, but it was not frivolous. All other pending motions and requests are DENIED as moot.