FILED

NOT FOR PUBLICATION

JAN 08 2014

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CITRUS EL DORADO, LLC, | No. 11-57123 |
| Plaintiff - Appellee, | D.C. No. 8:09-cv-01462-DOC-RNB |
| v. | |
| STEARNS BANK, | MEMORANDUM* |
| Defendant - Appellant. | |

| | |
|---|---|
| CITRUS EL DORADO, LLC, | No. 12-55311 |
| Plaintiff - Appellee, | D.C. No. 8:09-cv-01462-DOC-RNB |
| v. | |
| STEARNS BANK, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted May 8, 2013
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: NOONAN, WARDLAW, and MURGUIA, Circuit Judges.

Citrus El Dorado LLC ("Citrus") entered into a Construction Loan Agreement with First Heritage Bank, N.A for a $13,394,000 loan. First Heritage Bank, N.A. failed and was taken over by the Federal Deposit Insurance Corporation ("FDIC"). To facilitate the liquidation of First Heritage assets, the FDIC organized a series of transactions. First, the FDIC created FNBN-RESCON I LLC, of which it was the sole owner. Then, the FDIC transferred the Participation Interest and Servicing Obligations in a group of loans—including Citrus's—to FNBN-RESCON I LLC. FNBN-RESCON I LLC then entered into a Servicing Agreement with Stearns Bank, N.A ("Stearns"). Stearns, acting as an independent contractor, agreed to service the loans and indemnify FNBN-RESCON I LLC for any damage it caused. Acting as the loan's servicer, Stearns declined to fund the final draw on Citrus's loan, Citrus defaulted, and Stearns gave notice of non-judicial foreclosure.

After receiving notice of the non-judicial foreclosure, Citrus filed suit in Orange County Superior Court against Stearns Bank, FNBN-RESCON I, and the FDIC asserting contract and tort claims and seeking to stop the foreclosure. The state court stayed the foreclosure and the FDIC removed the case to federal district court. The district court granted the FDIC's motion to dismiss because Citrus

-2-

failed to exhaust administrative remedies and the claim was thus barred.  The case against Stearns Bank and FNBN-RESCON I was tried before a jury.  The jury was presented with four claims: (1) breach of contract; (2) fraud; (3) intentional interference with a contract; (4) negligent interference in a business relationship.  The jury found Stearns liable for a breach of contract and negligent interference in a business relationship.  Stearns appeals on numerous grounds, and we reverse and remand for a new trial.

1.      The district court instructed the jury that Stearns and FNBN-RESCON I "claim that they are not liable for breach of contract, fraud or interference with economic relations based on any actions taken or not taken, or statements and representations made or not made, by the FDIC, First Heritage Bank, N.A. or First National Bank of Nevada, each of whom is not a party to this case."  Defendants had proposed this instruction, but without the qualifying phrase "claim that."  Nonetheless, they did not object to the instruction as given.  We need not decide whether an objection was preserved under the "pointless formality" exception, *see Monroe v. City of Phoenix, Ariz.*, 248 F.3d 851, 858 (9th Cir. 2001)*, overruled on other grounds by Acosta v. Hill*, 504 F.3d 1323 (9th Cir. 2007), because the instruction was plain error.

We "consider a plain error in the instructions that has not been preserved as required by Rule 51(d)(1) if the error affects substantial rights." Fed. R. Civ. P. 51(d)(2); *Hunter v. Cnty. of Sacramento*, 652 F.3d 1225, 1230 n.5 (9th Cir. 2011). In determining whether the instruction is plain error we consider the law as it exists on appeal. *Henderson v. United States*, 133 S. Ct. 1121, 1126 (2013). The Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA") contains a limitation on judicial review. 12 U.S.C. § 1821(d)(13)(D)(i)–(ii). After this trial concluded, we clarified that FIRREA's limitation on judicial review bars claims against any party, including banks that obtain assets of failed banks from the FDIC, based on any act or omission of the FDIC. *Benson v. JPMorgan Chase Bank, N.A.*, 673 F.3d 1207, 1214–16 (9th Cir. 2012). In light of *Benson*, the jury instruction was plainly erroneous because by using the qualifier "claim that," it incorrectly left open the possibility that Stearns could be held liable for actions taken by the FDIC. Such liability is squarely foreclosed by *Benson*.

This error affected Stearns's substantial rights because a critical theme of Citrus's presentation to the jury was that Stearns was responsible for the actions of the FDIC. The evidence at trial strongly suggested that the damage alleged by Citrus occurred when the FDIC owned the loan. Despite an earlier jury instruction

-4-

that stated that Stearns cannot be held liable for the FDIC's actions, the incorrect "claim that" instruction likely caused the jury to assign liability to Stearns for the damage caused by the FDIC.[1]

We **REVERSE** the denial of Stearn's Rule 59 motion for a new trial based on the jury instruction. We **REMAND** for a new trial.

**2.** Stearns raised other arguments in the Rule 59 portion of its post-trial brief, but because we have concluded that the case must be remanded for a new trial, we need not reach them. Even if we concluded, for example, that there was insufficient evidence supporting the claim of a contract between Citrus and Stearns, we could not grant judgment as a matter of law on the contract claim because Stearns did not make Rule 50 motion on that claim. *See Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 399 (2006).

**3.** Stearns preserved its argument that there was no evidence to support the negligent interference in a business relationship claim. To prevail on that claim, Citrus was required to identify an existing actual economic relationship. *See Venhaus v. Shultz*, 155 Cal. App. 4th 1072, 1077–78 (Ct. App. 2007) (describing

---

[1] Even viewed together, at best the instructions contained one correct instruction regarding Stearns's liability for the FDIC's actions and one incorrect instruction, which said that Stearns only claimed that it could not be held liable for the acts or omissions of the FDIC. The existence of two conflicting instructions, even if one would be correct viewed in isolation, is plain error.

elements of negligent interference in a business relationship claim). Citrus does not identify, nor does the record indicate, any existing actual relationship between Citrus and a third party.

We **REVERSE** on the negligent interference in a business relationship claim.

**4.** In its post-trial motion, Stearns also argued that the claims should be dismissed based on FIRREA. This motion was either waived or properly denied. The motion to dismiss could be construed as making two arguments. It could be a Rule 12(b)(1) motion arguing that the claims should be dismissed for lack of jurisdiction because they are inherited liability claims barred by FIRREA. *See Benson*, 673 F.3d at 1211 (claims of inherited liability from FDIC are evaluated under Rule 12(b)(1)). We affirm the denial of the 12(b)(1) motion to dismiss because Citrus *alleged* that Stearns took independent wrongful acts and therefore has pled a cause of action distinct from inherited liability. The motion to dismiss could alternatively be characterized as challenging the sufficiency of the allegation that Stearns engaged in independent wrongful acts. Such a motion would be a motion for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), *see Benson*, 673 F.3d at 1217 (claims of an independent wrongful act by a purchaser of loan are evaluated under Rule 12(b)(6)), and because it was made after trial, it was

waived, s*ee* Fed. R. Civ. P. 12(h)(2)(C) (the latest that a 12(b)(6) motion can be filed is "at trial").

We **AFFIRM** the denial of the motion to dismiss.

**AFFIRMED in part; REVERSED in part; REMANDED.**[2]

Each party shall bear their own costs on appeal.

---

[2] We deny Citrus's request to dismiss the appeal for a failure to provide adequate excerpts of record. As should be clear from the word "excerpts," the Appellant is not required to file the entire record.



*Citrus El Dorado, LLC v. Stearns Bank*, Nos. 11-57123/12-55311

WARDLAW, Circuit Judge, dissenting:

I respectfully dissent. Reviewing the jury instructions as a whole, I disagree that the instructions constituted plain error, and accordingly would affirm the district court's denial of Stearns Bank's motion for a new trial.[1]

Rule 51(d)(2) permits a party to seek appellate review of a jury instruction, even if its objection was not properly preserved at trial, if the instruction constitutes a "plain error" that "affects substantial rights." Fed. R. Civ. P. 51(d)(2).[2] This provision, which was added to Rule 51 in 2003, abrogated our circuit's prior rule barring appellate review of civil jury instructions in the absence of a proper objection. *Compare Hunter v. City of Sacramento*, 652 F.3d 1225, 1230 n.5 (9th Cir. 2011) (describing 2003 amendment), *with Voohries-Larson v. Cessna Aircraft Co.*, 241 F.3d 707, 713-14 (9th Cir. 2001) (stating pre-2003 rule).

We have very little authority interpreting this standard, and have often applied it incorrectly. Indeed, until our 2011 opinion in *Hunter*, we sometimes

---

[1] I agree with the majority's analysis of the negligent interference with a business relationship claim and the motion to dismiss based on FIRREA.

[2] Although this language is borrowed from Rule 52 of the Federal Rules of Criminal Procedure, the Advisory Committee Notes recognize that application of the plain error standard in the civil context differs from that in the criminal context. *See* Fed. R. Civ. P. 51 advisory committee notes (2003).

-1-

applied our pre-2003 rule that a civil jury instruction, absent proper objection, could never be subject to appellate review. *See Hunter*, 652 F.3d at 1230 n.5 (citing unpublished memorandum dispositions that "did not recognize that Rule 51 had been amended to permit plain error review"). Aside from *Hunter*, in which we declined to apply plain error analysis because we determined that the objection had been properly preserved, we appear to have discussed the Rule 51(d)(2) plain error standard exclusively in unpublished memorandum dispositions. *See, e.g.*, *Black v. City and Cnty. of Honolulu*, 512 F. App'x 666, 670 (9th Cir. 2013) (no plain error where trial court declined to incorporate novel legal theory into instruction); *Doerfler-Casner v. Placer Cnty. Dep't of Public Works*, 356 F. App'x 41, 42 (9th Cir. 2009) (no plain error, despite erroneous language in instructions, because district court subsequently gave correct clarification).

Other circuits have recognized that reversal under Rule 51(d)(2) is "a power to be exercised rarely, namely when it is necessary to prevent a miscarriage of justice." 9C Arthur R. Miller, *Federal Practice & Procedure* § 2558 (3d ed. 2013). In these circuits, findings of plain error in jury instructions tend to be reserved for "the exceptional case in which the error seriously has affected the fairness, integrity, or public reputation of the trial court's proceedings." *Id.*

In fact, several circuits have incorporated this deferential language into their

plain error standards. *See, e.g.*, *Production Specialties Grp. v. Minsor Sys., Inc.*, 513 F.3d 695, 700 (7th Cir. 2008) (jury instruction reversible only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings"); *Weaver v. Blake*, 454 F.3d 1087, 1097 (10th Cir. 2006) (same); *Diaz-Fonseca v. Puerto Rico*, 451 F.3d 13, 36 (1st Cir. 2006) (reversal requires a "miscarriage of justice"); *Slidell, Inc. v. Millenium Inorganic Chems.*, 460 F.3d 1047, 1054 (8th Cir. 2006) (to warrant reversal, instruction must both "seriously affect[]" the fairness and integrity of the judicial process and rise to the level of a "miscarriage of justice"). Like our sister circuits, we should refrain from reversing a jury's verdict under the plain error standard except in what the drafters of Rule 51(d)(2) termed "exceptional circumstances." Fed. R. Civ. P. 51 advisory committee notes (2003).

In addition, we have long recognized that "the law governing appellate review of jury instructions counsels against looking at any one jury instruction in isolation." *Swinton v. Potomac Corp.*, 270 F.3d 794, 807 (9th Cir. 2001). Instead, we consider "the instructions as a whole." *Id.* (quoting *In re Asbestos Cases*, 847 F.2d 523, 524 (9th Cir. 1988) (emphasis and internal quotation marks omitted)). Although we have applied this approach in the context of plain error review under Rule 51(d)(2), *see Doerfler-Casner*, 356 F. App'x at 42, we have not yet done so in any published opinions.

Outside of the Rule 51(d)(2) context, we have affirmed jury verdicts where the trial court gave potentially conflicting jury instructions, parts of which correctly stated the law and parts of which arguably did not. In *Swinton*, we held that there was no prejudicial error where the district court gave one incorrect instruction—a blanket statement that corporations are vicariously liable for the acts of their employees performed within the scope of authority—but two other instructions which correctly stated that employers are not always vicariously liable in the harassment context. 270 F.3d at 807. Similarly, in *Sengoku Works Ltd. v. RMC Int'l, Ltd.*, 96 F.3d 1217, 1221-22 (9th Cir. 1996), we held that the trial judge did not abuse his discretion where one part of a jury instruction incorrectly indicated that evidence of an agreement was necessary to establish ownership of a trademark, but another part of the same instruction correctly stated that ownership could be established through party admission. These cases make clear that when we review jury instructions "as a whole," we must carefully consider the presence of correct jury instructions that may have reduced the harm potentially caused by incorrect instructions.

Considering the jury instructions in this case as a whole, I do not believe that Rule 51(d)(2)'s plain error standard is met. The majority seizes upon one instruction to conclude that the entire jury trial needs to be undone. Yet that

-4-

instruction, No. 18, is an accurate statement of Stearns Bank's and FNBN's *claim* that they could not be held liable for the FDIC's actions. It alone does not instruct the jury on the applicable law, but rather correctly summarizes the defendants' argument as to their liability. When read together with Jury Instruction No. 2, which explicitly instructs the jury that it cannot "hold Stearns Bank or FNBN liable for the FDIC's actions," the jury is told that defendants' claim that they cannot be held liable for the actions of the FDIC is correct as a matter of law. Not only is this not error, it is not remotely error that is "plain" under Rule 51(d)(2). Indeed, Instruction No. 2 is a clear and correct instruction as to the holding of *Benson v. JPMorgan Chase Bank*, 673 F.3d 1207, 1214-16 (9th Cir. 2012). Add to the mix Jury Instruction No. 4, that the jury should "decide the case as to [Stearns] Bank and FNBN separately," and Jury Instruction No. 2's correct statement that the jury should not impute one entity's liability to another is reinforced. That instruction reemphasizes the *Benson* rule because the FDIC was no longer a party. Following *Swinton* and *Sengoku*, we should hold that together, these correct statements of the law nullify the "possibility that Stearns could be held liable for actions taken by the FDIC," as the majority concludes. Because there is no error in these instructions, much less error that is "plain," we should affirm the district court.