WARDLAW, Circuit Judge,
dissenting:
I respectfully dissent. Reviewing the jury instructions as a whole, I disagree that the instructions constituted plain error, and accordingly would affirm the district court’s denial of Stearns Bank’s motion for a new trial.[1]
*629 Rule 51(d)(2) permits a party to seek appellate review of a jury instruction, even if its objection was not properly preserved at trial, if the instruction constitutes a “plain error” that “affects substantial rights.” Fed.R.Civ.P. 51(d)(2).[2] This provision, which was added to Rule 51 in 2008, abrogated our circuit’s prior rule barring appellate review of civil jury instructions in the absence of a proper objection. Compare Hunter v. County of Sacramento, 652 F.3d 1225, 1230 n. 5 (9th Cir.2011) (describing 2003 amendment), with Voohries-Larson v. Cessna Aircraft Co., 241 F.3d 707, 713-14 (9th Cir.2001) (stating pre-2003 rule).
We have very little authority interpreting this standard, and have often applied it incorrectly. Indeed, until our 2011 opinion in Hunter, we sometimes applied our pre-2003 rule that a civil jury instruction, absent proper objection, could never be subject to appellate review. See Hunter, 652 F.3d at 1230 n. 5 (citing unpublished memorandum dispositions that “did not recognize that Rule 51 had been amended to permit plain error review”). Aside from Hunter, in which we declined to apply plain error analysis because we determined that the objection had been properly preserved, we appear to have discussed the Rule 51(d)(2) plain error standard exclusively in unpublished memorandum dispositions. See, e.g., Black v. City and Cnty. of Honolulu, 512 Fed.Appx. 666, 670 (9th Cir.2013) (no plain error where trial court declined to incorporate novel legal theory into instruction); Doerfler-Casner v. Placer Cnty. Dep’t of Public Works, 356 Fed.Appx. 41, 42 (9th Cir.2009) (no plain error, despite erroneous language in instructions, because district court subsequently gave correct clarification).
Other circuits have recognized that reversal under Rule 51(d)(2) is “a power to be exercised rarely, namely when it is necessary to prevent a miscarriage of justice.” 9C Arthur R. Miller, Federal Practice & Procedure § 2558 (3d ed.2013). In these circuits, findings of plain error in jury instructions tend to be reserved for “the exceptional case in which the error seriously has affected the fairness, integrity, or public reputation of the trial court’s proceedings.” Id.
In fact, several circuits have incorporated this deferential language into their plain error standards. See, e.g., Production Specialties Grp. v. Minsor Sys., Inc., 513 F.3d 695, 700 (7th Cir.2008) (jury instruction reversible only if it “seriously affects the fairness, integrity or public reputation of judicial proceedings”); Weaver v. Blake, 454 F.3d 1087, 1097 (10th Cir.2006) (same); Diaz-Fonseca v. Puerto Rico, 451 F.3d 13, 36 (1st Cir.2006) (reversal requires a “miscarriage of justice”); Slidell, Inc. v. Millennium Inorganic Chems., 460 F.3d 1047, 1054 (8th Cir.2006) (to warrant reversal, instruction must both “seriously affect[ ]” the fairness and integrity of the judicial process and rise to the level of a “miscarriage of justice”). Like our sister circuits, we should refrain from reversing a jury’s verdict under the plain error standard except in what the drafters of Rule 51(d)(2) termed “exceptional circumstances.” Fed.R.Civ.P. 51 advisory committee notes (2003).
In addition, we have long recognized that “the law governing appellate review of jury instructions counsels against looking *630 at any one jury instruction in isolation.” Swinton v. Potomac Corp., 270 F.3d 794, 807 (9th Cir.2001). Instead, we consider “the instructions as a whole.” Id. (quoting In re Asbestos Cases, 847 F.2d 523, 524 (9th Cir.1988) (emphasis and internal quotation marks omitted)). Although we have applied this approach in the context of plain error review under Rule 51(d)(2), see Doerfler-Casner, 356 Fed.Appx. at 42, we have not yet done so in any published opinions.
Outside of the Rule 51(d)(2) context, we have affirmed jury verdicts where the trial court gave potentially conflicting jury instructions, parts of which correctly stated the law and parts of which arguably did not. In Swinton, we held that there was no prejudicial error where the district court gave one incorrect instruction — a blanket statement that corporations are vicariously liable for the acts of their employees performed within the scope of authority — but two other instructions which correctly stated that employers are not always vicariously liable in the harassment context. 270 F.3d at 807. Similarly, in Sengoku Works Ltd. v. RMC Int’l, Ltd., 96 F.3d 1217, 1221-22 (9th Cir.1996), we held that the trial judge did not abuse his discretion where one part of a jury instruction incorrectly indicated that evidence of an agreement was necessary to establish ownership of a trademark, but another part of the same instruction correctly stated that ownership could be established through party admission. These cases make clear that when we review jury instructions “as a whole,” we must carefully consider the presence of correct jury instructions that may have reduced the harm potentially caused by incorrect instructions.
Considering the jury instructions in this case as a whole, I do not believe that Rule 51(d)(2)’s plain error standard is met. The majority seizes upon one instruction to conclude that the entire jury trial needs to be undone. Yet that instruction, No. 18, is an accurate statement of Stearns Bank’s and FNBN’s claim that they could not be held liable for the FDIC’s actions. It alone do'es not instruct the jury on the applicable law, but rather correctly summarizes the defendants’ argument as to their liability. When read together with Jury Instruction No. 2, which explicitly instructs the jury that it cannot “hold Stearns Bank or FNBN liable for the FDIC’s actions,” the jury is told that defendants’ claim that they cannot be held liable for the actions of the FDIC is correct as a matter of law. Not only is this not error, it is not remotely error that is “plain” under Rule 51(d)(2). Indeed, Instruction No. 2 is a clear and correct instruction as to the holding of Benson v. JPMorgan Chase Bank, 673 F.3d 1207, 1214-16 (9th Cir.2012). Add to the mix Jury Instruction No. 4, that the jury should “decide the case as to [Stearns] Bank and FNBN separately,” and Jury Instruction No. 2’s correct statement that the jury should not impute one entity’s liability to another is reinforced. That instruction reemphasizes the Benson rule because the FDIC was no longer a party. Following Swinton and Sengoku, we should hold that together, these correct statements of the law nullify the “possibility that Stearns could be held liable for actions taken by the FDIC,” as the majority concludes. Because there is no error in these instructions, much less error that is “plain,” we should affirm the district court.

. I agree with the majority’s analysis of the negligent interference with a business rela *629 tionship claim and the motion to dismiss based on FIRREA.

. Although this language is borrowed from Rule 52 of the Federal Rules of Criminal Procedure, the Advisory Committee Notes recognize that application of the plain error standard in the civil context differs from that in the criminal context. See Fed.R.Civ.P. 51 advisory committee notes (2003).